## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### CASE NO. 14-_____-CIV-_____

SALVATORE DeSANTIS, on behalf of
himself and all others similarly situated,

      Plaintiff,

vs.

MARRIOTT VACATIONS WORLDWIDE
CORP., MARRIOTT OWNERSHIP
RESORTS, INC., d/b/a Marriott Vacation
Club International, Inc., and MARRIOTT
OWNERSHIP RESORTS
PROCUREMENT, LLC,

      Defendants.

_____/

Case no:  6:14-cv-733-orl-31KRS

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Marriott Vacations Worldwide

Corporation ("MVWC"), Marriott Ownership Resorts, Inc., d/b/a Marriott Vacation Club

International ("MORI"), and Marriott Ownership Resorts Procurement, LLC ("MORP")

(collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446, and 1453,

and with full reservation of all defenses, by their undersigned attorneys, submit this Notice of

Removal to this Court from the Circuit Court of the Ninth Judicial Circuit in and for Orange

County, Florida, in which the state action described below is now pending, but which is

within the original jurisdiction of this Court and properly removed based upon the Class

Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1446, and 1453 ("CAFA").

Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served

upon counsel for Plaintiff Salvatore DeSantis, and filed with the Clerk of the Circuit Court of

the Ninth Judicial Circuit in and for Orange County, Florida, as an exhibit to a Notice of Filing of Notice of Removal.

In support of removal to this Court, Defendants allege as follows.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.      On March 27, 2014, Plaintiff filed a putative Class Action Complaint captioned *DeSantis v. Marriott Vacations Worldwide Corp.*, Case No. 2014-CA-003283-O (Fla. Cir. Ct., Orange County), against Defendants in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida ("State Court Action").  Pursuant to 28 U.S.C. § 1446(a) and Local Rule 4.02(b), true and correct copies of the complete file in the State Court Action, including the Summons and Complaint are attached to this Notice as Exhibit A.

2.      Defendants were each served with process on April 10, 2014.  Since 30 days have not yet elapsed from the service of the Complaint, this notice is therefore timely pursuant to 28 U.S.C. § 1446(b).

3.      The Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida is located within this judicial district.  28 U.S.C. § 89(b).  This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## ALLEGATIONS OF THE COMPLAINT

4.      This action is a putative class action brought on behalf of certain owners of deeded interval timeshares in resort properties owned or managed by Defendants.  Plaintiff alleges that, in connection with the purchases of timeshare interests from MORI, Defendants offered Plaintiff and the members of the putative class membership in a "Weeks Program,"

pursuant to which they could trade their allotted weeks at their "home" resorts for weeks at other resort properties included in an "Exchange Program." Complaint ¶¶ 3-5, 42-49. The Complaint further alleges that Defendants stopped offering the Weeks Program to customers after June 20, 2010, and instead offered a "Points Program," pursuant to which new time share owners would not acquire a deeded property interest in any unit, but would instead be allotted points to be used at participating resorts in a separate exchange program. *Id.* ¶¶ 6-7, 51. The Complaint further alleges, among other things, that this decision has caused attrition in the Exchange Program for Weeks Members and devalued the timeshare interests of Plaintiff and the members of the Putative Class, whose exchange options allegedly are now limited. *Id.* ¶¶ 8, 52-53.

5.     On behalf of Plaintiff and the putative class, the Complaint purports to state claims for (a) violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq,* ("FDUTPA"), (b) breach of contract, and (c) breach of the implied covenant of good faith and fair dealing. *Id.* ¶¶ 69-91. With respect to these claims, the Complaint seeks, *inter alia,* "actual damages, statutory damages, and other relief provided by FDUTPA," "[r]eimbursement of ascertainable losses in the amount of money paid by Plaintiff and the Class for their Marriott Vacation Club membership, maintenance fees, and other fees paid to Marriott," attorneys' fees, and costs of suit. *Id.* at p. 20.

6.     Plaintiff seeks to represent the following putative class: "All purchasers of Marriott Vacation Club time share interests under the Weeks Program who owned their timeshare interest when Marriott Vacation Club stopped selling time share interests under that program, on June 20, 2010." *Id.* ¶ 20.

3

7.      Defendants dispute Plaintiff's factual and class-related allegations and legal conclusions in the Complaint, and deny that Plaintiff or the putative class have been harmed in any way.

## BASES FOR REMOVAL

8.      This action is within the original jurisdiction of this Court, and removal is proper under CAFA.  CAFA grants district courts original jurisdiction over putative class actions in which the amount in controversy exceeds $5 million and any member of the putative class of Plaintiffs is a citizen of a State different from any Defendant.  As set forth below, this action satisfies each of the requirements of 28 U.S.C. § 1332(d)(2) for original jurisdiction under CAFA.

9.      Covered Class Action.  Without conceding that there is any merit to the Complaint's allegations or claims, this action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. §§ 1332(d)(1)(B), 1453(a).  See Complaint ¶ 20.

10.      Class Action Consisting of More than 100 Members.  There are more than 100 persons who purchased timeshare interests from MORI before June 20, 2010, thereby becoming members of the "Weeks Program," and who owned their timeshare interest on June 20, 2010.  Accordingly, the aggregate number of class members is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

11.   <u>Diversity</u>.   The required diversity of citizenship under CAFA is satisfied because "any member of a class of Plaintiffs is a citizen of a State different from any Defendant."   28 U.S.C. § 1332(d)(2)(A).   MVWC is a Delaware corporation with its principal place of business in Florida.   MORI is also a Delaware corporation with its principal place of business in Florida.   MORP is a Delaware LLC with its principal place of business in Florida.   The sole member of MORP is MORI.   Plaintiff alleges that the putative class includes "[a]ll purchasers of Marriott Vacation Club time share interests under the Weeks Program who owned their timeshare interest when Marriott Vacation Club stopped selling time share interests under that program, on June 20, 2010."   Complaint ¶ 20. Defendants' records establish that thousands of the purchasers of such timeshare interests are residents of States other than Delaware or Florida.   Accordingly, at least one proposed class member is a citizen of a state different from a Defendant, thus satisfying the diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

12.   <u>Amount in Controversy</u>.   Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs."   28 U.S.C. §§ 1332(d)(2), (d)(6). Without conceding any merit to the Complaint's allegations or claims, the amount in controversy here satisfies this jurisdictional threshold, as the damages sought by Plaintiff with respect to the three class claims asserted in the Complaint are in excess of that amount.

13.   For purposes of removal, "[i]n establishing the requisite amount in controversy the Defendant is not . . . required to submit 'proof of the amount plaintiff will recover' but is instead only required to submit 'an estimate of the amount that will be put at

issue in the course of the litigation.'" *Kelly v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 9888731 *7 (M.D. Fla. Sept. 23, 2010) (quoting *Angrignon v. KLI, Inc.*, 2009 WL 506954 *2 n.3 (S.D. Fla. Feb. 27, 2009)).  While Defendants dispute that any of them are liable to Plaintiff or the putative class, or that Plaintiff or the putative class suffered any injury or incurred damages in any amount whatsoever, for purposes of satisfying the jurisdictional prerequisites of CAFA, the matter in controversy exceeds $5 million.

14.    In that regard, according to Defendants' records, there are more than 15,000 purchasers of timeshare interests falling within the Complaint's definition of the putative class who, like Plaintiff, owned a timeshare interest at the Harbour Lake resort on June 20, 2010.[1]  There are a substantial number of additional persons who owned timeshare interests at Defendants' other resorts on that date.  Plaintiff seeks damages consisting of, *inter alia*, refunds of Exchange Program membership fees, maintenance fees and other fees paid to Defendants.  According to Defendants' records, the putative class members who owned timeshare interests at Harbour Lake on June 20, 2010 paid an average of $1,058.36 in maintenance fees and $120.43 in Exchange Program transaction fees each year, for an average period of eight years of ownership.  Thus, based solely on this limited category of alleged damages, the damages claimed on behalf of Harbour Lake timeshare owners alone exceed the $5 million threshold.

15.    <u>Non-Applicability of CAFA Exceptions</u>.  Once the general requirements of CAFA jurisdiction have been established, the party opposing removal jurisdiction has the burden of proof as to the applicability of either the discretionary or mandatory exceptions of

---

[1] The Harbour Lake resort was known as "Horizons by Marriott Vacation Club" at the time that Plaintiff purchased his interest in 2006.

28 U.S.C. § 1332(d)(3) and (4).  *See Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006).  Although Defendants do not bear the burden of proof with respect to the inapplicability of the exceptions contained in 28 U.S.C. § 1332(d)(3) and (4), Defendants assert that none of these exceptions applies.

16.     The "local controversy" exception set forth in 28 U.S.C. § 1332(d)(4)(A) does not apply for two reasons.  First, according to Defendants' records, less than 5% of the members of the putative class reside in the State of Florida.  Thus Plaintiff cannot establish that at least two-thirds of the members of the putative class are citizens of the State of Florida.  Second, due to the geographic diversity of the putative class (who live throughout the United States and in other countries) and the resorts at which they purchased timeshare interests (which are located throughout the United States and in other countries), the "principal injuries resulting from the alleged conduct or any related conduct of each defendant," 28 U.S.C. § 1332(d)(4)(A)(III), were not incurred in the State of Florida.

17.     The "home state" exception set forth in 28 U.S.C. § 1332(d)(4)(B) does not apply because Plaintiff cannot establish that at least two-thirds of the members of the putative class are citizens of the State of Florida.

18.     The discretionary jurisdiction exception set forth in 28 U.S.C. § 1332(d)(3) does not apply for two reasons.  First, Plaintiff cannot establish that at least one-third of the members of the putative class are citizens of the State of Florida.  Second, several of the factors set forth in 28 U.S.C. § 1332(d)(3) weigh in favor of federal jurisdiction, including the presence of putative class members in numerous different States.

19.    <u>No Joinder Necessary</u>. No other Defendants are required to consent to removal based on CAFA. *See* 28 U.S.C. § 1453(b). Nonetheless, all Defendants have joined in this Notice.

## RESERVATION OF DEFENSES AND RIGHTS

20.    As of the date of the filing of this Notice of Removal, no further proceedings have been had in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

21.    Defendants reserve all defenses.

22.    Defendants reserve the right to amend or supplement this Notice of Removal as necessary.

WHEREFORE, Defendants give notice that the above-described action pending against them in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida is properly removed to this Court.

Dated:   May 9, 2014

Respectfully submitted,

By:

Dawn I. Giebler-Millner
MillnerD@gtlaw.com
GREENBERG TRAURIG, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone:  (407) 420-1000
Facsimile:  (407) 420-5909

And

Philip R. Sellinger
SellingerP@gtlaw.com
Ian S. Marx
MarxI@gtlaw.com
GREENBERG TRAURIG, LLP

200 Park Avenue
Florham Park, New Jersey 07932
Telephone: (973) 360-7900
Facsimile: (973) 301-8410

*Attorneys for Defendants*
*Marriott Vacations Worldwide Corporation,*
*Marriott Ownership Resorts, Inc. d/b/a Marriott*
*Vacation Club International, and Marriott*
*Ownership Resorts Procurement, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of May, 2014, I filed the foregoing **Notice of Removal** with the Clerk of the Court.  I FURTHER CERTIFY that I caused a true and correct copy of the foregoing to be served via electronic mail to all counsel of record listed on the attached Service List.

**Dawn I. Giebler-Millner, Esq.**

## SERVICE LIST

DeSantis, v. Marriott Vacations Worldwide Corp.
**CASE NO. 14-_____-CIV-_____**
United States District Court, Middle District of Florida

**Janet R. Varnell**
Email:jvarnell@varnellandwarwick.com
**Brian W. Warwick**
Email: bwarwick@varnellandwarwick.com
**Steven T. Simmons, Jr.**
Email: ssimmons@varnellandwarwick.com
**Varnell & Warwick, P.A.**
P.O. Box 1870
Lady Lake, Florida 32158
Telephone: 352-753-8600
Fax: 352-504-3301

**Stephen J. Fearon, Jr.**
Email:Stephen@sfclasslaw.com
**Caitlin Duffy**
Email: Caitlin@sfclasslaw.com
**Raymond Barto**
Email: Raymond@sfclasslaw.com
**Squitieri & Fearon, LLP**
32 East 57th Street, 12th Floor
New York, New York 10022
Telephone: 212-421-6492
Facsimile: 212-421-6553

**Jeff Korek**
Email:JKorek@lawyertime.com
**Gersowitz Libo & Korek, P.C.**
111 Broadway, 12th Floor
New York, New York 10006
Telephone: 212-285-4410
Facsimile: 212-385-4417

*Attorneys for Plaintiff Salvatore DeSantis and
the Proposed Class*

*NJ 228109506 v.1 (05/08/2014)*