Search Menu New Civil Search Refine Search  Back

Location : Orange County

# REGISTER OF ACTIONS
## CASE NO. 2014-CA-003283-O

| | | | |
|---|---|---|---|
| DESANTIS, SALVATORE vs. MARRIOTT VACATIONS WORLDWIDE CORPORATIONet al. | § § § § § § § | Case Type: | CA - Breach of Agreement/Contract |
| | | Date Filed: | 03/27/2014 |
| | | Location: | Div 33 |
| | | Judicial Officer: | Egan, Robert J |
| | | Uniform Case Number: | 482014CA003283A001OX |

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| Defendant | MARRIOTT OWNERSHIP RESORTS INC *Doing business as* MARRIOTT VACATION CLUB INTERNATIONAL | |
| Defendant | MARRIOTT OWNERSHIP RESORTS INC | |
| Defendant | MARRIOTT OWNERSHIP RESORTS PROCUREMENT LLC | |
| Defendant | MARRIOTT OWNERSHIP RESORTS PROCUREMENT LLC | |
| Defendant | MARRIOTT VACATIONS WORLDWIDE CORP | |
| Defendant | MARRIOTT VACATIONS WORLDWIDE CORPORATION | |
| Plaintiff | DESANTIS, SALVATORE | |
| Plaintiff | DESANTIS, SALVATORE | JANET R VARNELL *Retained* 352-753-8600(H) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 04/30/2014 | Notice Appearance of Counsel |
| 04/21/2014 | Notice of Filing |
| 04/07/2014 | Request for Admissions |
| 04/07/2014 | Notice of Service of Interrogatories |
| 04/07/2014 | Request for Documents |
| 03/31/2014 | Summons Issued Electronically as to E-Mail Attorney |
| 03/31/2014 | Summons Issued Electronically as to E-Mail Attorney |
| 03/31/2014 | Summons Issued Electronically as to E-Mail Attorney |
| 03/27/2014 | Case Initiated |
| 03/27/2014 | Civil Cover Sheet |
| 03/27/2014 | Complaint |

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff DESANTIS, SALVATORE** | | | |
| | Total Financial Assessment | | | 488.00 |
| | Total Payments and Credits | | | 488.00 |
| | Balance Due as of 05/08/2014 | | | 0.00 |
| 03/27/2014 | Transaction Assessment | | | 430.00 |
| 03/27/2014 | Electronic Case Filing | Receipt # FIN-2014-205169 | VARNELL, JANET R | (430.00) |
| 03/31/2014 | Transaction Assessment | | | 58.00 |
| 03/31/2014 | Counter Payment | Receipt # CV-2014-10971 | baker | (58.00) |

Filing # 11851838 Electronically Filed 03/27/2014 05:38:02 PM

## IN THE NINTH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY, FLORIDA
## ORLANDO DIVISION

**SALVATORE DESANTIS**, individually
and as a representative of the class,

**Plaintiff,**                                                    Civil Case No.:

       -against-

**MARRIOTT VACATIONS**
**WORLDWIDE CORP.; MARRIOTT**
**OWNERSHIP RESORTS, INC.** d/b/a
Marriott Vacation Club International; and,
**MARRIOTT OWNERSHIP**
**RESORTS, PROCUREMENT, LLC.**

**Defendants.**

THE STATE OF FLORIDA

To All and Singular the Sheriffs of the State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the
complaint or petition in this action upon:

    the Defendant:        Marriott Vacations Worldwide Corporation
    by serving:           Registered Agent
                          c/o Corporation Service Company
                          1201 Hays Street
                          Tallahassee, FL  32301

Each defendant is required to serve written defenses to the complaint or petition on
Plaintiffs' attorneys, to wit:

VARNELL & WARWICK, P.A.
JANET R. VARNELL, FLORIDA BAR NO.: 0071072
BRIAN W. WARWICK, FLORIDA BAR NO.: 0605573
STEVEN T. SIMMONS, JR., FLORIDA BAR NO.: 0091654
P.O. BOX 1870
LADY LAKE, FLORIDA 32158
TELEPHONE: (352)753-8600
FACSIMILE: (352) 504-3301

within twenty (20) days after service of this summons on that defendant, exclusive of the

day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON <u>MARCH 31</u>, 2014.

EDDIE FERNANDEZ
CLERK OF THE COURT



By: 

s/ Mary Tinsley, Deputy Clerk
2014.03.31 15:18:52 -04'00'

Deputy Clerk

Civil Division
425 N. Orange Avenue
Room 310
Orlando, Florida 32801

2

Filing # 11851838 Electronically Filed 03/27/2014 05:38:02 PM

## IN THE NINTH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY, FLORIDA
## ORLANDO DIVISION

**SALVATORE DESANTIS**, individually
and as a representative of the class,

Plaintiff,                                          Civil Case No.:

　　　　　-against-

**MARRIOTT VACATIONS
WORLDWIDE CORP.; MARRIOTT
OWNERSHIP RESORTS, INC.** d/b/a
Marriott Vacation Club International; and,
**MARRIOTT OWNERSHIP
RESORTS PROCUREMENT, LLC.**

Defendants.

THE STATE OF FLORIDA

To All and Singular the Sheriffs of the State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action upon:

| | |
|---|---|
| the Defendant: | Marriott Ownership Resorts, Inc. d/b/a Marriott Vacation Club International |
| by serving: | Registered Agent c/o Corporation Service Company 1201 Hays Street, Suite 105 Tallahassee, FL  32301 |

Each defendant is required to serve written defenses to the complaint or petition on Plaintiffs' attorneys, to wit:

**VARNELL & WARWICK, P.A.**
JANET R. VARNELL, FLORIDA BAR NO.: 0071072
BRIAN W. WARWICK, FLORIDA BAR NO.: 0605573
STEVEN T. SIMMONS, JR., FLORIDA BAR NO.: 0091654
P.O. BOX 1870
LADY LAKE, FLORIDA  32158
TELEPHONE: (352)753-8600
FACSIMILE: (352) 504-3301

within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON ___MARCH 31___, 2014.

EDDIE FERNANDEZ
CLERK OF THE COURT

By:

s/ Mary Tinsley, Deputy Clerk
2014.03.31 15:11:50 -04'00'



Deputy Clerk

Civil Division
425 N. Orange Avenue
Room 310
Orlando, Florida 32801

2

Filing # 11851838 Electronically Filed 03/27/2014 05:38:02 PM

## IN THE NINTH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY, FLORIDA
## ORLANDO DIVISION

**SALVATORE DESANTIS**, individually
and as a representative of the class,

                                         Civil Case No.:

Plaintiff,

              -against-

**MARRIOTT VACATIONS**
**WORLDWIDE CORP.; MARRIOTT**
**OWNERSHIP RESORTS, INC.** d/b/a
Marriott Vacation Club International; and,
**MARRIOTT OWNERSHIP RESORTS**
**PROCUREMENT, LLC**.

Defendants.

THE STATE OF FLORIDA

To All and Singular the Sheriffs of the State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the
complaint or petition in this action upon:

| | |
|---|---|
| the Defendant: | Marriott Ownership Resorts Procurement, LLC |
| by serving: | Registered Agent |
| | c/o Corporation Service Company |
| | 1201 Hays Street, Suite 105 |
| | Tallahassee, FL 32301 |

Each defendant is required to serve written defenses to the complaint or petition on
Plaintiffs' attorneys, to wit:

VARNELL & WARWICK, P.A.
JANET R. VARNELL, FLORIDA BAR NO.: 0071072
BRIAN W. WARWICK, FLORIDA BAR NO.: 0605573
STEVEN T. SIMMONS, JR., FLORIDA BAR NO.: 0091654
P.O. BOX 1870
LADY LAKE, FLORIDA 32158
TELEPHONE: (352)753-8600
FACSIMILE: (352) 504-3301

within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service
on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON <u>MARCH  31</u>  , 2014.

EDDIE FERNANDEZ
CLERK OF THE COURT

By:  <u>s/ Mary Tinsley, Deputy Clerk</u>
     2014.03.31 15:23:56 -04'00'
     Deputy Clerk

Civil Division
425 N. Orange Avenue
Room 310
Orlando, Florida 32801



2

Filing # 12222663 Electronically Filed 04/07/2014 05:16:07 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

SALVATORE DESANTIS, on behalf of          )
himself and all others similarly situated,    )
                                               )
                         Plaintiff,           )          Civil Action No. 2014-CA-003283-O
                                               )
        v.                                     )
                                               )
MARRIOTT VACATIONS WORLDWIDE    )
CORP., MARRIOTT OWNERSHIP         )
RESORTS, INC., d/b/a Marriott Vacation    )
Club International, and MARRIOTT          )
OWNERSHIP RESORTS                         )
PROCUREMENT, L.L.C.,

                         Defendants.

### PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO DEFENDANTS

COME NOW Plaintiff, SALVATORE DESANTIS, on behalf of himself and all others

similarly situated, pursuant to Florida Rule of Civil Procedure Rule 1.350, and requests that

Defendants, MARRIOTT VACATIONS WORLDWIDE CORP., MARRIOTT OWNERSHIP

RESORTS, INC. d/b/a Marriott Vacation Club International, and MARRIOTT OWNERSHIP

RESORTS PROCUREMENT, LLC, (hereafter "Marriott" or "Defendants"), produce legible

copies of the following requests to the Law Firm of Varnell & Warwick, P.A., P.O. Box 1870,

Lady Lake, FL 32158, within forty-five (45) days after service of this request.

### INSTRUCTIONS

1.      Please produce complete copies of the following documents and tangible things.

2.      This is a continuing demand.  In the event that any of the requested information is

presently unavailable or not in existence and subsequently becomes available through any

manner, this demand shall continue up to and including the trial.  Your failure to comply will

result in Plaintiff objecting to the introduction of any of such material in evidence.

1

## DEFINITIONS

The following definitions apply to each of the requests for documents set forth herein and are deemed to be incorporated in each of said requests:

1. "And" and "Or" are to be considered conjunctively and disjunctively. The singular form of a noun or pronoun includes the plural form and vice versa. "Or" is understood to include and encompass "And."

2. "Any" is understood to include and encompass "All." The word "All" also includes "Each" and vice versa.

3. "Communication" means every manner of transmitting or receiving information, opinions, or thoughts, whether orally, in writing, or otherwise, between two or more persons.

4. "Concerning" means relating to, referring to, describing, evidencing, or constituting. Requests for documents "concerning" any subject matter include documents concerning communications regarding that subject matter.

5. "Consumer" or "Customer" refers to individuals and entities that held timeshare interests with You.

6. "Document" means paper and electronic writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained and translated through electronic means. If a Document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of notation or modification of any kind whatsoever, including notations on the front or back of any pages thereof, then each such copy must be produced. Consistent with the above definition, the term document shall include, without limitation, any

2

computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether composed of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof.

7. "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8. The terms "or" should be construed as disjunctive and conjunctive, and "any" "and", and "all" as used herein shall include "each" and "every." Similarly, the singular includes the plural, and *vice versa*.

9. "Person" or "Persons" means natural persons, proprietorships, joint ventures, partnerships, corporations, trusts, groups, associations, organizations, governmental agencies, and all other entities.

10. "Plaintiff" refers to Salvatore DeSantis.

11. "Points Program" refers to the ownership program in which customers' timeshare interests are allotted a number of points, distributed yearly, with which customers may obtain a vacation in a resort of their choice.

12. "Weeks Program" refers to the ownership program in which customers exchanged their yearly allotted week at their deeded property for week-long vacations in other resorts of their choice.

13. "You", "Your" or "Defendant" means Marriott Vacations Worldwide Corporation

3

and each defendant named in this action, including any of its corporations, businesses, subsidiaries, divisions, subdivisions, affiliates, predecessors, officers, directors, employees, representatives, independent contractors, or agents, including attorneys and accountants.

## DOCUMENT REQUESTS

1.      The documents you sent to Plaintiff regarding his timeshare interest, including any references to changes in the terms of his contract with Defendants.

2.      All form documents distributed to Plaintiff and the proposed class concerning converting their timeshare weeks in the Weeks Program to points in the Points Program.

3.      Documents in which You state or describe the method by which You "convert" weeks from members in the Weeks Program to points, as well as the costs customers incur when undergoing this exchange.

4.      Each final version of Your Timeshare Agreement in existence between 2006 and 2014.

5.      All marketing materials provided to Plaintiff in connection with the April 11, 2006 timeshare purchase, at any time before Plaintiff could cancel his contract without penalty.

6.      Documents identifying the number and identities of all timeshare owners in Marriott's Weeks Program as of June 20, 2010.

7.      Documents, presentations, or internal memorandum regarding the cessation of the Weeks Program.

8.      The contract or retention agreement between You and any consultant or company retained by You to establish or implement a system to generate revenue from members in the Weeks Program through the Points Program.

4

9.     All documents regarding the proposed switch from the Weeks Program to the Points Program, including documents from financial or marketing consultants.

10.    Communications between Marriott Vacations Worldwide or its Subsidiaries and Interval International concerning the switch from the Weeks Program to the Points Program.

11.    Your board and committee meeting minutes and materials (including presentations and board packages) at which the board or committee discussed the switch to the Points Program and the implications of such a change on members in the Weeks Program.

12.    Communications from 2009 to the present to or from the following individuals concerning the switch to the Points Program:

      a.    Stephen P. Weisz;

      b.    R. Lee Cunningham;

      c.    Clifford M. Delorey;

      d.    John E. Geller, Jr.;

      e.    Jeff Hansen;

      f.    James H. Hunter IV;

      g.    Lizabeth Kane-Hanan;

      h.    Brian E. Miller;

      i.    Dwight D. Smith;

      j.    Michael E. Yonker.

13.    Documents concerning the targeted marketing of the Points Program to members already enlisted in the Weeks Program.

14.    Financial projections of revenue from converting the weeks of members in the Weeks Program to points in the proposed Points Program.

5

15. Financial statements detailing the actual revenue derived from converting the weeks of members in the Weeks Program to points in the proposed Points Program.

16. The contract or retention agreement between You and Interval International between the years 2006 and 2014.

17. Documents concerning complaints or grievances regarding Your change from the Weeks Program to the Points Program, including summaries or reports about the number and type of complaints that You received, legal complaints, complaints to customer service or to or from regulatory agencies, as well as Your responses and internal documents concerning any such complaints or grievances.

18. Any video, manual, script, or training material You used to inform Your employees how to respond to questions or complaints by members in the Weeks Program about Your cessation of the program in favor of the Points Program.

19. Documents identifying the number of customers in the Weeks Program between April 11, 2006 and the present.

20. Documents concerning the number of timeshare exchanges between members in the Weeks Program between April 11, 2006 and the present.

Dated: April 7, 2014

VARNELL & WARWICK, P.A.

By:  /s/ Janet R. Varnell
JANET R. VARNELL
FLORIDA BAR NO. 0071072
JVARNELL@VARNELLANDWARWICK.COM
BRIAN W. WARWICK
FLORIDA BAR NO. 0605573
BWARWICK@VARNELLANDWARWICK.COM
STEVEN T. SIMMONS, JR.
SSIMMONS@VARNELLANDWARWICK.COM
FLORIDA BAR NO. 0091654
P.O. BOX 1870
LADY LAKE, FL 32158
TELEPHONE: (352) 753-8600
FACSIMILE: (352) 504-3301

SQUITIERI & FEARON, LLP
STEPHEN J. FEARON, JR.
CAITLIN DUFFY
RAYMOND BARTO
32 EAST 57TH STREET, 12TH FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE: (212) 421-6492
FACSIMILE: (212) 421-6553
STEPHEN@SFCLASSLAW.COM
CAITLIN@SFCLASSLAW.COM
RAYMOND@SFCLASSLAW.COM

GERSOWITZ LIBO & KOREK, P.C.
JEFF KOREK
111 BROADWAY, 12TH FLOOR
NEW YORK, NY 10006
TELEPHONE: (212) 285-4410
FACSIMILE: (212) 385-4417
JKOREK@LAWYERTIME.COM

ATTORNEYS FOR PLAINTIFF
AND THE PROPOSED CLASS

7

Filing # 12222663 Electronically Filed 04/07/2014 05:16:07 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

SALVATORE DESANTIS, on behalf of          )
himself and all others similarly situated,     )
                                               )          Civil Action No. 2014-CA-003283-O
                   Plaintiff,                  )
                                               )
        v.                                     )
                                               )
MARRIOTT VACATIONS WORLDWIDE        )
CORP., MARRIOTT OWNERSHIP            )
RESORTS, INC., d/b/a Marriott Vacation   )
Club International, and MARRIOTT         )
OWNERSHIP RESORTS                       )
PROCUREMENT, L.L.C.,

                   Defendants.

## PLAINTIFF'S NOTICE OF SERVING
## FIRST SET OF INTERROGATORIES TO DEFENDANTS

        COME NOW Plaintiff, SALVATORE DESANTIS, on behalf of himself and all others

similarly situated, by and through the undersigned attorneys, and propounds the attached First

Set of Interrogatories upon Defendants, MARRIOTT VACATIONS WORLDWIDE CORP.,

MARRIOTT OWNERSHIP RESORTS, INC., d/b/a Marriott Vacation Club International, and

MARRIOTT OWNERSHIP RESORTS PROCUREMENT, LLC (hereinafter "MARRIOTT"), to

be answered on or before the time requirements of Florida Rules of Civil Procedure 1.340.

Dated: April 7, 2014

VARNELL & WARWICK, P.A.

By:    /s/ JANET R. VARNELL
JANET R. VARNELL
FLORIDA BAR NO.: 0071072
JVARNELL@VARNELLANDWARWICK.COM
BRIAN W. WARWICK
FLORIDA BAR NO. 0605573
BWARWICK@VARNELLANDWARWICK.COM
STEVEN T. SIMMONS, JR.
SSIMMONS@VARNELLANDWARWICK.COM
FLORIDA BAR NO. 0091654
P.O. BOX 1870
LADY LAKE, FL 32158
TELEPHONE: (352) 753-8600
FACSIMILE: (352) 504-3301

SQUITIERI & FEARON, LLP
STEPHEN J. FEARON, JR.
CAITLIN DUFFY
RAYMOND BARTO
32 EAST 57TH STREET, 12TH FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE: (212) 421-6492
FACSIMILE: (212) 421-6553
STEPHEN@SFCLASSLAW.COM
CAITLIN@SFCLASSLAW.COM
RAYMOND@SFCLASSLAW.COM

GERSOWITZ LIBO & KOREK, P.C.
JEFF KOREK
111 BROADWAY, 12TH FLOOR
NEW YORK, NY 10006
TELEPHONE: (212) 285-4410
FACSIMILE: (212) 385-4417
JKOREK@LAWYERTIME.COM

ATTORNEYS FOR PLAINTIFF
AND THE PROPOSED CLASS

2

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

| | | |
|---|---|---|
| SALVATORE DESANTIS, on behalf of himself and all others similarly situated, | ) ) | |
| | ) | Civil Action No. 2014-CA-003283-O |
| Plaintiff, | ) ) | |
| | ) | |
| v. | ) ) | |
| MARRIOTT VACATIONS WORLDWIDE CORP., MARRIOTT OWNERSHIP RESORTS, INC., d/b/a Marriott Vacation Club International, and MARRIOTT OWNERSHIP RESORTS PROCUREMENT, L.L.C., | ) ) ) ) ) ) | |
| Defendants. | | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Plaintiff hereby requests that Defendants answer each and every interrogatory herein pursuant to the applicable Florida Rules of Civil Procedure within 45 days of service of this request.

## DEFINITIONS

1.    "And" and "Or" are to be considered conjunctively and disjunctively.   The singular form of a noun or pronoun includes the plural form and vice versa.  "Or" is understood to include and encompass "And."

2.    "Any" is understood to include and encompass "All."   The word "All" also includes "Each" and vice versa.

3.    "Communication" means every manner of transmitting or receiving information, opinions, or thoughts, whether orally, in writing, or otherwise, between two or more persons.

1

4.     "Concerning" means relating to, referring to, describing, evidencing, or constituting.   Requests for documents "concerning" any subject matter include documents concerning communications regarding that subject matter.

5.     "Consumer" or "Customer" refers to individuals and entities that held timeshare interests with You.

6.     "Document" means paper and electronic writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained and translated through electronic means.  If a Document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of notation or modification of any kind whatsoever, including notations on the front or back of any pages thereof, then each such copy must be produced. Consistent with the above definition, the term document shall include, without limitation, any computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether composed of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof.

7.     "Identify" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

2

8.      The terms "or" should be construed as disjunctive and conjunctive, and "any" "and", and "all" as used herein shall include "each" and "every." Similarly, the singular includes the plural, and *vice versa*.

9.      "Person" or "Persons" means natural persons, proprietorships, joint ventures, partnerships, corporations, trusts, groups, associations, organizations, governmental agencies, and all other entities.

10.     "Plaintiff" refers to Salvatore DeSantis.

11.     "Points Program" refers to the ownership program in which customers' timeshare interests are allotted a number of points, distributed yearly, with which customers may obtain a vacation in a resort of their choice.

12.     "Weeks Program" refers to the ownership program in which customers exchanged their yearly allotted week at their deeded property for week-long vacations in other resorts of their choice.

13.     "You", "Your" or "Defendant" means Marriott Vacations Worldwide Corporation and each defendant named in this action, including any of its corporations, businesses, subsidiaries, divisions, subdivisions, affiliates, predecessors, officers, directors, employees, representatives, independent contractors, or agents, including attorneys and accountants.

## INSTRUCTIONS

1.      Answer each Interrogatory separately and fully, furnishing all information available to you, including information in the possession of your attorneys, their investigators and all other persons acting on your behalf. If for any reason You cannot answer any interrogatory or a part thereof in full, answer to the extent possible and state the reasons for your inability to provide a complete answer. If, after exercising due diligence, You cannot provide the

3

exact information request, provide Your best approximation of the information requested. If You cannot provide all of the information requested in any interrogatory because such information is not yet fully developed or cannot be ascertained at this time, please answer such interrogatory with all of the information currently available and specifically indicate that additional responses will later be developed and provided.

2.      If You object to any Interrogatory, state the basis for the objection with specificity. Any ground for objection not stated in an objection shall be deemed waived.

3.      You are under a duty to supplement your responses to include newly acquired information, if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. You are also under a duty to amend any response upon learning such response was based upon information that either was incorrect at the time it was made, or while correct when made, is no longer true.

4.      If You refuse to respond fully to any Interrogatory or part thereof under any claim of privilege, please specifically set forth the basis for your refusal, the nature of the privilege asserted, and identify each person having knowledge of the factual basis, if any, on which the privilege or other ground is asserted.

5.      In the event that it is your position that You have insufficient knowledge to answer the interrogatory, explain specifically and in detail who, if anyone, would know the answer to the interrogatory or where the answer might be found and, additionally, all efforts made by you, your attorneys, investigators, agents, employees, or representatives to obtain the answers to that interrogatory.

6.      The answers to these interrogatories are to be verified under oath by each Defendant, and the objections, if any, are to be signed by the attorney making them.

4

7.      Unless otherwise indicated, the temporal scope of each interrogatory is limited to the Relevant Time Period.

## INTERROGATORIES

1.  Identify when You decided to close the Weeks Program to new customers.

ANSWER:

2.      Identify who on Your behalf was involved in the decision to close the Weeks Program to new customers and to switch to the Point Program.

ANSWER:

3.      Identify any consultant or advisor who recommended closing the Weeks Program to new customers.

ANSWER:

5

4.    Identify any presentations to Stephen Weisz, R. Lee Cunningham, Clifford Delorey or John Geller about the switch from the Weeks Program to the Points Program.

ANSWER:

5.    Identify the financial report used by You to track the financial impact on You of the switch from the Weeks Program to the Points Program.

ANSWER:

6.    Identify the number of members in the Weeks Program as of January 1, 2010.

ANSWER:

6

7.      Identify the number of members in the Weeks Program as of March 27, 2014.

ANSWER:

8.      How much additional revenue did You earn in 2010, 2011, 2012 and 2013 (identified separately by year) from converting memberships in the Weeks Program to memberships in the Points Program?

ANSWER:

9.      Identify all persons answering or supplying information used in answering these interrogatories.

ANSWER:

These answers and responses have been provided by:

Name: _____

Signature: _____

**STATE OF** _____

**COUNTY OF** _____

Before me, the undersigned authority duly authorized to administer oaths and take acknowledgments, PERSONALLY APPEARED, _____, who is personally known to me or has produced _____ as identification and who, upon first having been duly sworn, did depose and say that the answers and responses to the foregoing interrogatories propounded by Plaintiffs are true and correct.

SWORN TO and subscribed this _____ day of _____, 2014.

_____
NOTARY PUBLIC
TYPED NAME:_____
COMMISSION EXPIRES: _____
COMMISSION NO.:_____

8

Filing # 12222663 Electronically Filed 04/07/2014 05:16:07 PM

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA**

SALVATORE DESANTIS, on behalf of )
himself and all others similarly situated, )
                                        )
                    Plaintiff, )     Civil Action No. 2014-CA-003283-O
                                          )
     v. )
                                          )
**MARRIOTT VACATIONS WORLDWIDE** )
**CORP., MARRIOTT OWNERSHIP** )
**RESORTS, INC.,** d/b/a Marriott Vacation )
Club International, and **MARRIOTT** )
**OWNERSHIP RESORTS** )
**PROCUREMENT, L.L.C.,** )

                  Defendants.

## <u>PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS<br>PROPOUNDED TO DEFENDANTS</u>

Pursuant to the Florida R. Civ. P. 1.370 Plaintiff requests that Defendants answer these

Requests for Admissions within forty-five (45) days.

## INSTRUCTIONS

     1.     With regard to any request for knowledge or information in the possession of Defendants, such request includes knowledge of any agent, employee or representative, and unless privileged, any attorney of Defendants.

     2.     When a request requires you to admit or deny that a document attached as an exhibit is a true and correct copy, your admission shall be deemed an admission of the genuineness of the document.

     3.     In the event your response to any of these Requests for Admissions is anything other than an unequivocal admission, then for each individual request please state all facts upon which you rely in failing to admit the request.

## REQUESTS FOR ADMISSIONS

REQUEST NO. 1:  Please admit that You · have sold  timeshares to customers in every state.

REQUEST NO. 2:  Please admit that You used a standardized agreement for the sale of timeshares in the Weeks Program between January 1, 2009 and March 27, 2014.

REQUEST NO. 3:  Please admit that during the period between January 1, 2009 and March 27, 2014, You used standardized marketing materials for the Weeks Program.

REQUEST NO. 4:  Please admit that during the period between January 1, 2009 and March 27, 2014, You sent or made available to members of the Weeks Program uniform disclosures such as newsletters and informational materials.

REQUEST NO. 5:  Please admit that during the period between January 1, 2009 and July 1, 2010, You emphasized the ability to exchange timeshare weeks with other members in the Weeks Program as a benefit of purchasing a timeshare interest and joining the Weeks Program.

REQUEST NO. 6:  Please admit that during the period between January 1, 2009 and March 27, 2014, You represented to customers that purchasing a timeshare interest was an investment that protected them against increasing prices of vacations.

REQUEST NO. 7:  Please admit that during the period between January 1, 2009 and March 27, 2014, You received more than $500,000 in revenue from selling memberships in the Points Program to customers who had been enrolled in the Weeks Program.

REQUEST NO. 8:  Please admit that You stopped enrolling customers in the Weeks Program in June 2010 in order to enroll customers in the new Points Program.

REQUEST NO. 9:  Please admit that there are fewer members in the Weeks Program presently than there were in 2009.

2

REQUEST NO. 10: Please admit that ownership of a timeshare in the Weeks Program is not as easily traded now as it was before You stopped enrolling customers in the Weeks Program.

REQUEST NO. 11: Please admit that You are targeting marketing to members in the Weeks Program to convert their vacation weeks into points that can be used in the Points Program, at a cost often exceeding $10,000.

REQUEST NO. 12: Please admit that You drafted the standardized agreement between You and customers for the Weeks Program.

REQUEST NO. 13: Please admit that the standardized agreement and accompanying marketing materials for the Weeks Program created the reasonable expectation that customers would not have to spend more money to switch to the Points Program to continue to receive the benefit of easily vacationing in resorts other than the resort where they have a deeded interest.

REQUEST NO. 14: Please admit that You have opened new resorts since closing the Weeks Program.

REQUEST NO. 15: Please admit that members in the Weeks Program have no way, without buying into the Points Program, to exchange their allotted week at their deeded property for a week at a resort opened after closing the Weeks Program.

REQUEST NO. 16: Please admit that the standardized timeshare agreement and accompanying marketing materials for the Weeks Program created the reasonable expectation that customers in the Weeks Program could exchange their deeded timeshare week for a week at all new resorts.

REQUEST NO. 17: Please admit that you have been properly served with the Complaint.

3

REQUEST NO. 18:   Please admit that you are not aware of any other potential Defendants to this action.

Dated: April 7, 2014                          VARNELL & WARWICK, P.A.


                                    By:    /s/ Janet R. Varnell
                                           JANET R. VARNELL
                                           FLORIDA BAR NO. 0071072
                                           JVARNELL@VARNELLANDWARWICK.COM
                                           BRIAN W. WARWICK
                                           FLORIDA BAR NO. 0605573
                                           BWARWICK@VARNELLANDWARWICK.COM
                                           STEVEN T. SIMMONS, JR.
                                           SSIMMONS@VARNELLANDWARWICK.COM
                                           FLORIDA BAR NO. 0091654
                                           P.O. BOX 1870
                                           LADY LAKE, FL 32158
                                           TELEPHONE: (352) 753-8600
                                           FACSIMILE: (352) 504-3301

                                           SQUITIERI & FEARON, LLP
                                           STEPHEN J. FEARON, JR.
                                           CAITLIN DUFFY
                                           RAYMOND BARTO
                                           32 EAST 57TH STREET, 12TH FLOOR
                                           NEW YORK, NEW YORK 10022
                                           TELEPHONE: (212) 421-6492
                                           FACSIMILE: (212) 421-6553
                                           STEPHEN@SFCLASSLAW.COM
                                           CAITLIN@SFCLASSLAW.COM
                                           RAYMOND@SFCLASSLAW.COM

                                           GERSOWITZ LIBO & KOREK, P.C.
                                           JEFF KOREK
                                           111 BROADWAY, 12TH FLOOR
                                           NEW YORK, NY 10006
                                           TELEPHONE: (212) 285-4410
                                           FACSIMILE: (212) 385-4417
                                           JKOREK@LAWYERTIME.COM

                                           ATTORNEYS FOR PLAINTIFF
                                           AND THE PROPOSED CLASS


                                    4

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

SALVATORE DESANTIS, on behalf of            )
himself and all others similarly situated,   )
                                             )     Civil Action No. 2014-CA-003283-O
                       Plaintiff,            )
                                             )
        v.                                   )
                                             )
MARRIOTT VACATIONS WORLDWIDE )
CORP., MARRIOTT OWNERSHIP                    )
RESORTS, INC., d/b/a Marriott Vacation       )
Club International, and MARRIOTT             )
OWNERSHIP RESORTS                            )
PROCUREMENT, L.L.C.,                         )

                       Defendants.

## NOTICE OF FILING

Plaintiff, by and through the undersigned counsel, gives notice of filing with the Court

the Returns of Service attached as Exhibit A herewith, indicating Defendants, MARRIOTT

VACATIONS WORLDWIDE CORP., MARRIOTT OWNERSHIP RESORTS, INC., d/b/a

Marriott Vacation Club International, and MARRIOTT OWNERSHIP RESORTS

PROCUREMENT, L.L.C., were served with the Summons, Class Action Complaint with

Exhibits, Plaintiff's First Request for Production, Plaintiff's Notice of Serving First Set of

Interrogatories to Defendants and Plaintiff's First Request for Admissions to Defendants in this

matter on April 10, 2014.

Dated: April 21, 2014

VARNELL & WARWICK, P.A.

By:    /s/ Janet R. Varnell
       JANET R. VARNELL
       FLORIDA BAR NO. 0071072
       JVARNELL@VARNELLANDWARWICK.COM
       BRIAN W. WARWICK
       FLORIDA BAR NO. 0605573
       BWARWICK@VARNELLANDWARWICK.COM
       STEVEN T. SIMMONS, JR.
       SSIMMONS@VARNELLANDWARWICK.COM
       FLORIDA BAR NO. 0091654
       P.O. BOX 1870
       LADY LAKE, FL 32158
       TELEPHONE: (352) 753-8600
       FACSIMILE: (352) 504-3301

       SQUITIERI & FEARON, LLP
       STEPHEN J. FEARON, JR.
       CAITLIN DUFFY
       RAYMOND BARTO
       32 EAST 57TH STREET, 12TH FLOOR
       NEW YORK, NEW YORK 10022
       TELEPHONE: (212) 421-6492
       FACSIMILE: (212) 421-6553
       STEPHEN@SFCLASSLAW.COM
       CAITLIN@SFCLASSLAW.COM
       RAYMOND@SFCLASSLAW.COM

       GERSOWITZ LIBO & KOREK, P.C.
       JEFF KOREK
       111 BROADWAY, 12TH FLOOR
       NEW YORK, NY 10006
       TELEPHONE: (212) 285-4410
       FACSIMILE: (212) 385-4417
       JKOREK@LAWYERTIME.COM

       ATTORNEYS FOR PLAINTIFF
       AND THE PROPOSED CLASS

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this   21st   day of April, 2014, I electronically filed the foregoing with the Clerk of the Court using the Florida E-Filing Portal system and a true and correct copy of the foregoing has been furnished by U.S. mail to:

MARRIOTT OWNERSHIP RESORTS PROCUREMENT, LLC
MARRIOTT VACATIONS WORLDWIDE CORPORATION
MARRIOTT OWNERSHIP RESORTS, INC. DBA MARRIOTT VACATION CLUB INT'L
C/O REGISTERED AGENT CORPORATION SERVICE COMPANY
1201 HAYS STREET
SUITE 105
TALLAHASSEE, FL  32301

/s/ Janet R. Varnell
JANET R. VARNELL

3

Filing # 13101230 Electronically Filed 04/30/2014 12:01:24 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

SALVATORE DESANTIS, on behalf of,                CASE NO. 2014-CA-003283-O
himself and all others similarly situated,

        Plaintiff,

v.

MARRIOTT VACATIONS WORLDWIDE,
CORP., MARRIOTT OWNERSHIP
RESORTS, INC., d/b/a Marriott Vacation
Club International, and MARRIOTT
OWNERSHIP RESORTS
PROCUREMENT, L.L.C.,

        Defendants.

_____/

## NOTICE OF APPEARANCE

Dawn I. Giebler-Millner and the law firm of Greenberg Traurig, P.A. hereby enter their appearance as counsel of record for Defendants MARRIOTT VACATIONS WORLDWIDE, CORP., MARRIOTT OWNERSHIP RESORTS, INC., d/b/a Marriott Vacation Club International, and MARRIOTT OWNERSHIP RESORTS PROCUREMENT, L.L.C. in the above-referenced matter. Copies of all future pleadings, motions and other papers concerning this action should be served on the undersigned at the address and emails set forth below.

RESPECTFULLY SUBMITTED, this 30th day of April, 2014.

/s/ Dawn I. Giebler-Millner
**Dawn I. Giebler-Millner, Esq.**
Florida Bar No. 856576
**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, FL 32801
Telephone:  (407) 420-1000
Facsimile:  (407) 841-1295
Primary:    gieblerd@gtlaw.com

Secondary:   culpepperd@gtlaw.com
Secondary:   FLService@gtlaw.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of April, 2014, I electronically filed the foregoing **Notice of Appearance** with the Clerk of the Court by using the Florida e-Portal filing system which will electronically serve the following:

Janet R. Varnell, Esq.
Brian W. Warwick, Esq.
Steven T. Simmons, Jr., Esq.
VARNELL & WARWICK, P.A.
P.O. Box 1870
Lady Lake, FL 32158
Email:   jvarnell@varnellandwarwick.com
           bwarwick@varnellandwarwick.com
           ssimmons@varnellandwarwick.com

*Attorneys for Plaintiff and the Proposed Class*

Stephen J. Fearon, Jr., Esq.
Caitlin Duffy, Esq.
Raymond Barto, Esq.
SQUITIERI & FEARON, LLP
32 East 57th Street, 12th Floor
New York, NY 10022
Email:   Stephen@sfclasslaw.com
           caitlin@sfclasslaw.com
           raymond@sfclasslaw.com

*Attorneys for Plaintiff and the Proposed Class*

Jeff Korek, Esq.
GERSOWITZ LIBO & KOREK, P.C.
111 Broadway, 12th Floor
New York, NY 10006
Email:   jkorek@lawyertime.com

*Attorneys for Plaintiff and the Proposed Class*

/s/ Dawn I. Giebler-Millner, Esq.
**Dawn I. Giebler-Millner, Esq.**

*NJ 228100418v1 134110.011300 04/30/2014*

2